[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16178
Non-Argument Calendar
_____

D.C. Docket No. 5:04-cr-00080-CAR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONALD BELL,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 16, 2013)

Before WILSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Ronald Bell, through counsel, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction pursuant to Amendment 750 to the Sentencing Guidelines and the Fair Sentencing Act 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372.  On appeal, Bell asserts that he is eligible for a sentence reduction because the district court based his sentence on the crack cocaine guideline.  *See* U.S.S.G. § 2D1.1.  Bell further argues that the FSA's new mandatory minimums should apply to Bell's § 3582(c)(2) proceeding, which was filed after the FSA's effective date of August 3, 2010.  For the reasons set forth below, we affirm the district court's denial of Bell's § 3582(c)(2) motion.

I.

Bell pleaded guilty, with a written plea agreement, to one count of distribution of more than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii).  Bell's mandatory minimum penalty was five years' imprisonment, with a statutory maximum of 40 years' imprisonment.  *Id.* § 841(b)(1)(B)(iii).  Bell's plea agreement was not based on a particular sentence to be calculated pursuant to the Sentencing Guidelines.

Prior to sentencing, a probation officer completed a presentence investigation report (PSI), which held Bell responsible for 27.22 grams of cocaine base, to which Bell stipulated in his plea agreement.  The PSI assigned Bell a base

2

offense level of 28, pursuant to U.S.S.G. § 2D1.1(c)(6).[1]  However, based on

Bell's status as a career offender, pursuant to U.S.S.G. § 4B1.1, his offense level

automatically increased to 34 and he was assigned a criminal history category of

VI.  Based on a total offense level of 34 and a criminal history category of VI,

Bell's guideline range was 262 to 327 months' imprisonment.  The PSI stated that

the plea agreement had no impact on Bell's guideline range calculation.  At a

sentencing hearing on July 12, 2007, the district court considered the sentencing

factors set forth in 18 U.S.C. § 3553(a) and Bell's status as a career offender.  The

court ultimately sentenced Bell to 262 months' imprisonment, at the low end of the

guideline range.  Bell did not file an appeal.

On December 9, 2008, Bell filed a pro se § 3582(c)(2) motion, asking the

court to reduce his sentence.[2]  The court denied the motion, citing Bell's career

offender status and finding that he was not eligible for a sentence reduction under

Amendment 706.  On January 24, 2012, Bell again filed a pro se § 3582(c)(2)

motion, later supplemented by counsel, requesting a sentence reduction pursuant to

---

[1] Bell's sentence was based upon the 2007 Sentencing Guidelines.  The corresponding provision in the current (2010) edition of the Guidelines is § 2D1.1(c)(7), and now assigns a base offense level of 26 for "[a]t least 20 G[rams] but less than 35 G[rams] of Cocaine Base."

[2] Although Bell did not explicitly request a sentence reduction or specify the exact legal basis of his motion, the district court was entitled to construe his pro se motion liberally.  *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." (internal quotation marks omitted)).  Bell also requested that the district court appoint counsel to assist with his § 3582(c)(2) motion.

Amendment 750 and the FSA.  The district court denied Bell's motion, again finding that because Bell was sentenced under the career offender guideline, he was therefore disqualified from receiving a sentence reduction under Amendment 750.  This appeal followed.

## II.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)."  *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir.) (per curiam), *cert. denied*, 133 S. Ct. 568 (2012).  Under § 3582(c)(2), a district court may reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  However, the grounds upon which a district court may reduce a sentence are limited: (1) "[t]he Sentencing Commission must have amended the Sentencing Guidelines, pursuant to 28 U.S.C. § 994(o)"; (2) the "guidelines amendment must have lowered the defendant's sentencing range"; and (3) the amendment "must also be one that is listed in U.S.S.G. § 1B1.10(c)."  *United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012) (per curiam).  "Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was

4

based, § 3582(c)(2) does not authorize a reduction in sentence." *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008).[3]

Amendment 750, which became effective on November 1, 2011, lowered the base offense levels for particular crack cocaine quantities in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. App. C, Amends. 748, 750.  The amendment did not, however, make any changes to § 4B1.1, the career offender provision.  *See id*; *see also Lawson*, 686 F.3d at 1319.

We conclude that the district court properly denied Bell's § 3582(c)(2) motion.  As the court clearly articulated at Bell's sentencing hearing, his 262 month sentence was based upon his status as a career offender under § 4B1.1, which resulted in the automatic assignment of an offense level of 34 and criminal history category of VI, as well as the corresponding guideline range.  Therefore, because Bell's "base offense level[] under § 2D1.1 played no role in the calculation of [his guideline] range[]," and because Amendment 750 "does not alter the [career offender] sentencing range upon which his . . . sentence was based," § 3582(c)(2) does not allow for a reduction of his sentence.  *Moore*, 541 F.3d at 1327, 1330.

---

[3] We declared in *Lawson* that, despite the United States Supreme Court's plurality opinion in *Freeman v. United States*, — U.S. —, 131 S. Ct. 2685 (2011), *Moore* is still controlling law in this circuit.  *Lawson*, 686 F.3d at 1321 ("*Moore* remains binding precedent because it has not been overruled.").

Further, the FSA does not serve as a basis for Bell's § 3582(c)(2) proceeding because it "is not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress." *Berry*, 701 F.3d at 377.  The FSA's statutory changes also did not apply to Bell, who was sentenced in 2007, before the FSA's enactment on August 3, 2010.  *See id.*  Accordingly, § 3582(c)(2) did not empower the district court to reduce Bell's sentence.

**AFFIRMED.**